No. 28,872.

MAE FOSTER, *Appellant*, v. OLLIE C. FOSTER, GRACE L. TERRY, as an Individual and as Administratrix, with the Will Annexed, of the Estate of C. L. Foster, Deceased, et al., *Appellees.*

(281 Pac. 902.)

Opinion filed November 9, 1929.

*Ralph E. Page,* of Ottawa, for the appellant.

*Joe Rolston,* of Burlington, and *Fred M. Harris,* of Ottawa, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to set aside a portion of the will of C. L. Foster, deceased, in so far as it affects the title to certain real estate in the town of Waverly. It was in the nature of one for the specific performance of an oral contract claimed by plaintiff to have been entered into with Mr. Foster in his lifetime. The court sustained a motion by defendants for judgment on the petition and opening statement of the plaintiff, who appeals.

The petition alleged substantially that the plaintiff was the daughter-in-law of C. L. Foster; that her husband died in 1913, leaving her with four young children in Kansas City, Kan.; that an oral contract was entered into between her father-in-law and herself to the effect that if she would remove her family to Waverly, and remain single, rear the children in Waverly, use some of her

deceased husband's insurance money so far as it would go in paying the expenses of the children, he (C. L. Foster, the father-in-law) would purchase a house and suitable lots for their occupancy, or build a house for her, paying the taxes and necessary expenses in the upkeep thereof, furnish her with money to pay her living expenses and leave the house and lots to her at his death; that in accordance with such arrangement he purchased the house and lots here in controversy, and that she and her children removed to and took up their residence in Waverly, and ever since have lived there —that is to say, that she performed all of the conditions of the alleged oral contract.

The petition sets out a copy of her father-in-law's will wherein he devised the real estate in question to his wife during her lifetime and thereafter to one of his daughters. It further states that during the month of February, 1913, the plaintiff removed her household goods and her family to Waverly, took up their residence in the house so purchased and has continued to reside there since that date, as her home; that soon after she moved into the house Foster remodeled it for her convenience; that she reared the children and enabled Foster to enjoy their companionship; that she has remained the widow of Lewis Foster and has complied with all of the terms of the agreement between them.

When the case came on for trial before a jury, the plaintiff stated substantially the relationship of the parties, the birth of the children, the death of her husband and the necessity of her being assisted in a financial way; that Mr. Foster said to her in substance that he could not help her in Kansas City, but that if she would bring her children to Waverly and have them where he could help her rear them, he would buy a property, either the one across the street from his home or one down a little further, and would give it to her and it would be hers; she to use the life insurance money as long as it lasted, and when it was gone he would supply her with more money and help her rear her children, and he would have them near him where he could assist them; that if she would do that and come to Waverly he would pay all her expenses as soon as her money was gone; that he would buy one of the properties, fix it up and it would be hers; that she thought at first she ought to buy a rooming house in Kansas City, but later consented to come to Waverly; that Mr. Foster purchased a stove for her and sent it to Waverly; that she and her children came to Waverly and lived in a

rented house for a time while some repairs were being made upon the one into which she should move; that when the repairs were finished she moved into the house where she still lives.

The defendants contend that there was no consideration for the alleged contract. It will be noted that in both plaintiff's petition and her statement she fails to allege any consideration moving to her father-in-law. There was no sacrifice, no giving, no worth, no compensation on her part to him. She was to perform no service for him. She was to do nothing for him except to bring herself and her children to Waverly. The giving was all by him. The doing was all his. The father-in-law said he could not help her unless she came to Waverly, and in order to receive the assistance which he offered she came. It is argued that she saw to it that her children gave to Mr. Foster their love and affection. It can hardly be said that they accorded to him more love and affection than he, as their grandfather, was entitled to receive. She argues that she cannot be restored to her original position; that youth has gone; that opportunities are no longer open that once awaited her; that she sacrificed everything on the strength of the statements and actions of Mr. Foster, but neither the petition nor her opening statement alleges that she gave up anything to Mr. Foster; that she sacrificed anything for him. On the other hand, it was through his assistance that the children were educated. Neither the petition nor the statement alleges that any opportunities awaited her which she had to forego on account of the alleged contract.

It is unfortunate, indeed, that a woman be left with four small children and with little upon which to rear them. The plaintiff showed wisdom and did remarkably well in accepting the assistance of her father-in-law, but we are of the opinion that nothing was alleged in the petition or statement sufficient as a consideration moving to Mr. Foster from the plaintiff to bind him to the alleged agreement. None of the decisions cited by the plaintiff with relation to oral agreements to devise property go as far as the plaintiff here claims. In each of them there was the element of service to be performed, of some consideration given by the one seeking to enforce the contract. Here that element is wholly lacking. The service, the giving, was all from Mr. Foster to the plaintiff and her children. What he did was the manifestation of a generous man for the assistance of the plaintiff in the rearing of her children. We are of the

opinion that the plaintiff must fail because of the lack of any alleged or stated consideration. This conclusion disposes of other contentions.

The judgment is affirmed.

HARVEY, J., dissenting.